ANDREW J. BARTHOLOMEW *vs.* PREVOSTUS McKINSTRY.

This court has jurisdiction in equity to compel the grantee in a fraudulent mortgage of real estate, who took the mortgage with knowledge of the fraud, to transfer the same to the assignee in insolvency of the grantor.

BILL IN EQUITY by the assignee in insolvency of Jesse Comstock, to compel the defendant to assign to the plaintiff a mortgage of real estate given by Comstock to the defendant, which was fraudulent at common law, and in violation of *St.* 1841, *c.* 124, § 3, and received by the defendant with knowledge of the fraud. The defendant filed a general demurrer.

*F. H. Dewey,* for the defendant.

*T. L. Nelson,* for the plaintiff, was not called upon.

HOAR, J. The facts alleged in the bill show that the insolvent, Comstock, made a fraudulent mortgage of his real estate to the respondent; that the equity of redemption was taken in execution and sold to a *bona fide* purchaser; and that the right of redeeming the equity from the sale was of no value, and had expired when the bill was filed. The plaintiff, as the assignee in insolvency of Comstock, seeks to obtain for the benefit of the creditors the interest in the estate which was fraudulently conveyed by the mortgage. By the provisions of the insolvent law, Gen. Sts. *c.* 118, § 89, when a debtor has conveyed any property to a person who has received it in fraud of the law, the assignee may recover the property, or the value of it, from the person so receiving it. The right to recover the property itself is manifestly an important and valuable right, because the beneficial result of a suit to recover the value of it would depend upon the ability of the fraudulent grantee to respond in damages.

In pursuing this right to recover the property conveyed, it is obvious that the assignee has no remedy at law. No action at law can be maintained to recover the interest of a mortgagee in real estate. The only mode in which it can be reached is by the process of a court of equity.

But the respondent objects that the insolvent law makes the mortgage void, and that if the assignee would assert his right

he can only do so by treating the mortgage as void. But the practical difficulty is that the mortgage is not void against the owner of the equity of redemption, and it is only against the fraudulent mortgagee that the right to treat it as void exists. The only mode in which it can be treated as valid, so far as the purchaser of the equity is concerned, and void as to the interest of the mortgagee, is by treating the mortgage as made in trust for the creditors of the insolvent debtor, and requiring the mortgagee to transfer the precise interest which he obtained by the conveyance to the assignee. Such a transfer it is the appropriate province of a court of equity to accomplish; and the jurisdiction of this court over cases of fraud and of trusts is amply sufficient to furnish the relief which is asked.

*Demurrer overruled.*